UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. CR406-391 |
| | ) | |
| MITCHELL M. MAUND, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On January 19, 2007, defendant filed a motion to dismiss 46 counts of his 48-count indictment. Doc. 12. The government filed a response, doc. 16, and defendant filed an amended motion to dismiss. Doc. 17. The Court held a hearing on the matter on March 14, 2007. For the following reasons, defendant's motion should be DENIED.

The indictment charges that defendant, while serving as vice president and general manager of a local television station, devised a scheme to defraud his employer and associated television companies by improperly using a corporate credit card to make unauthorized personal charges totaling in excess of $200,000.00, and that defendant used both the U.S. mail and interstate wire communications for the purpose of

executing the scheme. Doc. 1. Defendant contends that certain of the mail fraud counts, Counts Two through Eight and Ten through Forty-Eight, "fail to allege the offense of mail fraud" within the meaning of 18 U.S.C. § 1341 "because the mailings were not used for the purpose of executing the scheme, but were merely incidental mailings after the alleged fraud had reached fruition." Doc. 12, at 1, 2; see doc. 17 (asserting that these defects in the indictment are "facially apparent"). In addition, defendant alleges that these counts of the indictment are "fatally vague," thus allowing the government "to effectively amend the indictment at trial to prove an offense other than the one for which he was indicted by the grand jury." Doc. 17, at 2.

The mail fraud statute requires that mailings be used for the purpose of executing a fraudulent scheme. 18 U.S.C. § 1341. Where the underlying scheme has reached fruition, however, mailings do not violate the statute. United States v. Evans, 473 F.3d 1115, 1119 (11th Cir. 2006). A scheme has "reached fruition" when it is "fully consummated." Id. (quoting Henderson v. United States, 425 F.2d 134, 141 (5th Cir. 1970)). "It is a well-established principle of mail fraud law that use of the mails after the money is obtained may nevertheless be 'for the

purpose of executing' the fraud." Evans, 473 F.3d at 1119 (quoting United States v. Ashdown, 509 F.2d 793, 799 (5th Cir. 1975)). "If the scheme continues, mailings made after receipt of the money can clearly support conviction." Evans, 473 F.3d at 1119 (quoting United States v. Knight, 607 F.2d 1172, 1175 (5th Cir. 1979)); see United States v. Wallach, 935 F.2d 445, 465 (2nd Cir. 1991) (affirming mail fraud convictions where subsequent mailing of credit card invoices was essential to disguise false reimbursements). "As long as the fraudulent scheme has not been put to ultimate rest, the communication 'will support a conviction even if it follows the defendant's fraudulent acts, or occurs after the schemers have obtained the victim's money or goods.' . . . Thus, '[m]ailings occurring after the receipt of the goods obtained by fraud are within the statute if they were designed to lull the victims into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely than if no mailings had taken place.'" United States v. Griffith, 17 F.3d 865, 874 (6th Cir. 1994) (citations omitted). See United States v. Maze, 414 U.S. 395, 403 (1974).

Each of the challenged mail fraud counts pertains to the mailing of certain "Account Summar[ies] and other documents" to defendant from Media-Pac, the company which furnished the corporate credit card to defendant for the purpose of paying the business expenses of his employer. Doc. 1 (Counts Two through Eight and Ten through Forty-Eight). In the introductory portion of the indictment the grand jury charges that as part of the scheme to defraud his employer and the other corporate victims, defendant directed "Media-Pac to mail directly to defendant the Account Summaries, American Express monthly statements and other documents which *revealed Defendant's unauthorized personal charges* to the American Express corporate credit card". Indictment at 3, ¶ 7(d) (emphasis added). Whether the account summaries and credit card statements were mailed to defendant in furtherance of the fraudulent scheme is ultimately a question of fact to be determined by the jury. The decisions relied upon by defendant reverse convictions due to insufficient evidence, and defendant here is essentially contending that the evidence is insufficient to convict him of mail fraud based upon his receipt of the documents alleged in the challenged counts.

4

A pre-trial motion to dismiss a charge in the indictment due to insufficient evidence should not be heard, because such a motion raises factual questions embraced by the general issue of guilt or innocence. United States v. Ayarza-Garcia, 819 F.2d 1043, 1048 (11th Cir. 1987). "[T]he Rules [of Criminal Procedure do not] provide for a pre-trial determination of sufficiency of the evidence. . . . The sufficiency of a criminal indictment is determined from its face." United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam). In a mail fraud case, "an indictment setting out the mailings charged and alleging that they were in furtherance of the scheme should not be dismissed as insufficient on its face unless there is no conceivable evidence that the Government could produce at trial to substantiate its 'in furtherance' allegation." United States v. Castor, 558 F.2d 379, 385 (7th Cir. 1977). Certainly there is "conceivable evidence" that could be produced to substantiate the charges that defendant caused Media-Pac to mail the account summaries, credit card statements, and other documents for the purpose of executing the scheme to defraud. The indictment specifically charges that this was defendant's purpose and further alleges that the described documents "revealed Defendant's unauthorized personal

charges to the American Express corporate credit card." Indictment at 3, ¶ 7(d). The government may be able to establish that defendant took measures to prevent the victims of his fraud from obtaining access to documents which would "reveal" that he was using a business credit card for personal gain. Further, the fraudulent scheme alleged in the indictment did not involve a "one shot" proposition. See Schmuck v. United States, 489 U.S. 705, 711 (1989). Defendant was allegedly making unauthorized charges intermittingly throughout a four-year period, indicating that the fraud was a continuing scheme that had not yet concluded or reached fruition. Ultimately, however, the determination of such factual issues is a matter reserved for the jury at trial, not for the Court during pre-trial proceedings.

Nor is the indictment fatally vague with respect to its use of the term "other documents." The indictment limits this term to those documents "which revealed" defendant's unauthorized use of the business credit card, and the government stipulated during the hearing that all of these documents have been produced during open-file discovery or are available for defendant's inspection. Thus, this case does not present the risk that the government's prosecution at trial will

rest on an entirely different theory than the one for which he was indicted by the grand jury, distinguishing this case from <u>United States v. Chandler</u>, 388 F.3d 796, 798 (11th Cir. 2004) and the other authorities cited by defendant.

Defendant's motion to dismiss Counts Two through Eight and Ten through Forty-Eight is without merit and should be DENIED.

**SO REPORTED AND RECOMMENDED** this 16th day of March, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**